Smith, C. J.
The questions in this case are raised by the pleadings, the substance of which is as follows :
The petition, which was filed May 14, 1886, alleges that Casper Hopple, Sr., died in the year 1859, leaving four children surviving him, viz: Mathew, Joseph, James and Richard B. Hopple. Joseph Hopple, one of said sons, died, leaving a will by which he devised all of his property to his widow, the said Marry F. Hopple. Mathew died, leaving a widow and only son Casper, who died, devising his estate to defendants, James and Richard B. Hopple, his uncles. The plaintiff and his brother Jas. O. Hopple are the only children and heirs at law of said James Hopple, now deceased.
Casper Hopple, Sr., left a will duly executed. On October 8, 1859, just after his death, it was read by his four sons. By it, he had divided his estate into four equal parts, and gave to Mathew, James and Richard B. each one share (J) absolutely. The remaining share he gave to Joseph for life, and on his death to his said three brothers. That Joseph was greatly dissatisfied with the provision made for him, and with the consent of his brothers he destroyed the will, and in consideration of the promise and agreement of Joseph, they executed partition deeds, whereby he held one fourth of the land left by his father, the deeds being, in form, deeds in fee-simple, and he was allowed to receive one equal fourth of his father’s personal estate.
In consideration whereof, Joseph agreed with them and bound himself to execute a. valid will, and leave the same at his death, by which he was to devise and bequeath his entire estate of which he should die seized, to his wife, the said Mary T. Hopple, for her life, should she survive him, and a legacy not to exceed $6,000 to an adopted daughter; then to his said three brothers for their lives, and the remainder in fee absolutely to their children.
The petition further alleges that Joseph did execute such a will, and afterwards revoked it and made another, by which he devised and bequeathed all of his estate to his said wife. That at his- death he owned a large amount of personal and *104 real property, worth $100,000, and that all thereof was the property he had so obtained from the estate of his father, or was the fruit, proceeds and product of said property in some form or other, and a description is given of such real estate, but plaintiff says he is not able to describe the personal property.
That said Mary Hopple took all of said property from her husband “with full knowledge of all the facts above stated, subject to the agreement on her'part to carry out the same,” and that she now holds the title to said real and personal estate in trust, upon the trusts aforesaid created by said agreement, and for this plaintiff.”
The prayer is that Mary F. Hopple may, by the judgment of the court, be declared a trustee of said property for the benefit of plaintiff and others interested, and enjoined from disposing of it, and that a receiver be appointed to take possession of it pending the suit, and for further relief.
Mary F. Hopple, widow and devisee of Jos. Hopple, files an answer, setting up eleven separate defenses. The first admits the relationship of the parties as set out in the petition, and the death of her husband in 1875, leaving a will by.which he devised to her all of his estate, and denies all the other material allegations of the petition. The second, third and fourth defenses set up three suits which she says adjudicated some of the claims of plaintiff’s petition, against him. The fifth is a plea of the statute of frauds. The sixth, seventh, eighth and ninth the statute of limitations of four, six, ten and twenty-one years respectively. The tenth that the claim sued on, is stale, and barred by lapse of time, and by the eleventh she avers that there are otlier necessary parties, naming them.
The plaintiff demurred generally to the first ten defenses, and his demurrer being overrruled as to the first, ninth, and tenth, and sustained as to the others, the case was heard on the petition and answer, no evidence being offered by plaintiff, whereupon the petition of plaintiff was dismissed, and the title of Mrs. Hopple quieted on a cross-petition filed by her, and the plaintiff appealed to this court, where the case has again been heard on the demurrer of the plaintiff to the answer of Mrs. Hopple.
*105 As the demurrer of the plaintiff searches the record, it raises the question whether the petition itself states a cause of action .against the defendant. It is apparently an action to have the court find and declare that Mrs. Hopple, instead of being the absolute owner of the property devised to her by her husband, has only a life estate in it, and holds the title to the remainder as trustee for the three brothers 'of her husband and their children.
It is difficult for us to see the foundation of any such claim. The conveyance made to Joseph by his three brothers was on the face of it an absolute one. There is no claim in the petition that Joseph Hopple was not at perfect liberty at any time during his life to dispose of the whole or any part of the property so conveyed to him, precisely as he saw proper; nor is there anything stated which shows that he could not have conveyed the absolute title thereto; nor is there any allegation therein that the grantee was to hold the title to it, as a trustee. All that is claimed is, that in consideration of such conveyance he agreed to devise the estate of which he should die seized, (not that so conveyed to him by his brothers) in a certain manner. No interest was reserved in the land or other property, and apparently the most that could be claimed on such a state -of fact is, that there is an agreement to do a certain thing, which, if not complied with, would give to the persons for whose benefit it was made, a right of action for the damages sustained by them from the breach, by Joseph, of the agreement. But this would be an action to be prosecuted against- the executor of his will, or the Administrator of his estate, and not one of this character.
But if this be not so, still the question remains whether this is such a-contract as could be enforced in any form of action. The answer alleges that the contract claimed to have been made was not in writing, and, therefore, by virtue of the statute of frauds and perjuries, no action could be maintained upon it. There is no claim in the petition that the plaintiff, or any person representing him, or any one interested, was ever put by Joseph Hopple into the possession of the land, or that any thing was ever done which would avoid the plea of the statute of frauds. How, then, can it be enforced as to the real estate *106 of which Joseph Hopple died seized, and which he devised to his wife? It is certainly an “action brought whereby to charge the defendant * * upon a contract or sale of lands, tenements or hereditaments, or an interest in or concerning of them ” without any memorandum or note thereof in writing having been signed by the party sought to be charged therewith, or by her grantor, and such action, the statute says, can not be maintained. So far, then, as the land described in the petition is concerned, we think it clear that the plea is a good one.
I. M. & J. A. Jordan, for the plaintiff.
W. L. Avery, for Mary F. Hopple.
It is alleged, however, in the petition that the contract was also that the same disposition should be made of the personal estate of which he should die possessed. But we understand the law to be that when there is one contract which relates both to real and personal estate, an entire contract, which not being in writing, is sought to be enforced, that if it can not be done, owing to the provisions of the statute of frauds, as to the real estate, that it can not be done as to the personal estate, which is embraced in the same contract.
This, we think, is clearly settled by the case of Howard v. Brower, 37 Ohio St. 402. Judge White, in deciding the case, says, “ the principle of the rule is, that where the contract is entire, no one part being severable from the rest, and part of it is within the statute, the other part cannot be enforced.” And the authorities cited by Judge White, delivering the opinion of the majority of the court, and those cited by Judge Johnson in his dissenting opinion, clearly establish the rule stated above. We think, then, that the plea of the statute of frauds makes a complete defense to the action if its averments are true. The cases of Howard v. Brower, above cited, and Crabill v. Marsh, 38 Ohio St. 331, we think sustain the view we take of the case. If, therefore, the plaintiff does not desire to controvert the allegations of this plea, the petition will be dismissed.